# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF MINNESOTA

In re:

David L. Hagen and
Susan K. Hagen,

                Debtors.

NOTICE OF PLAN
CONFIRMATION HEARING

BKY 15-43443

TO: MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., U S BANK, N. A., KYLE L. CARLSON, CHAPTER 13 TRUSTEE, AND OTHER PARTIES IN INTEREST.

    PLEASE TAKE NOTICE that a hearing on the attached Preconfirmation Modified Chapter 13 Plan dated April 15, 2016 has been scheduled for 10:00 a.m. on May 19, 2016 in Courtroom 8 West, U. S. Courthouse, 300 S. Fourth Street, Minneapolis, MN.

                                  /e/ *Ian Traquair Ball*
                              Ian Traquair Ball #4285
                              Attorney for Debtors
                              310 Fourth Avenue So., Ste 5010
                              Minneapolis, MN 55415
                              Tel: (612) 338-1313

Dated: April 16, 2016

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MINNESOTA**

_____

In Re:

David L. Hagen and
Susan K. Hagen,

                              Debtors.

*In a joint case, debtor means debtors in this plan.*

_____

**PRECONFIRMATION MODIFIED**
**CHAPTER 13 PLAN**

Dated: April 15, 2016

**Case No.** 15-43443

**1. DEBTOR'S PAYMENTS TO TRUSTEE** —

a. As of the date of this plan, the debtor has paid the trustee $3,600.

b. After the date of this plan, the debtor will pay the trustee $ 600 per month for 54 months beginning April 2016 for a total of $ 32,400 . The minimum plan length is 36 months from the date of the order for relief unless all allowed claims are paid in a shorter time.

c. The debtor will also pay the trustee as follows: The debtor(s) shall send the Trustee each year during the Chapter 13 Plan copies of their federal and state income tax returns at the time they are filed. The debtor(s) shall also promptly report to the Trustee the receipt of any state and federal tax refunds for the duration of this Chapter 13 case. The debtors shall be entitled to retain the first $2,000 of refunds; any remaining amounts shall be turned over to the Chapter 13 plan as additional plan payment.

d. The debtor will pay the trustee a total of $ 36,000 [line 1(a) + line 1(b) + line 1(c))].

**2. PAYMENTS BY TRUSTEE** — The trustee will pay from available funds only creditors for which proofs of claim have been timely filed. The trustee may collect a fee of up to 10% of plan payments, or an estimated $ 2,700 [Line 1(d) X .10].

**3. ADEQUATE PROTECTION PAYMENTS [§ 1326(a)(1)(C)]** — The trustee will promptly pay from available funds adequate protection payments to creditors holding allowed claims secured by personal property, according to the following schedule, beginning in month one (1).

| *Creditor* | *Monthly Payment* | *Number of Payments* | *Beginning Month No.* | *TOTAL PAYMENTS* |
|---|---|---|---|---|
| a. Wells Fargo | $95 | 14 | 1 | $1,330 |
| b. Chase Auto | $95 | 14 | 1 | $1,330 |

**4. EXECUTORY CONTRACTS AND UNEXPIRED LEASE [§365]** - The debtor assumes the following executory contracts or unexpired leases. Cure provisions, if any, are set forth in ¶ 7.
                NONE

**5. CLAIMS NOT IN DEFAULT** - Payments on the following claims are current and the debtor will pay the payments that come due fter the date the petition was filed directly to the creditors. The creditors will retain liens, if any.

| *Creditor* | *Description of Property* |
|---|---|
| a. N/A | |

**6. HOME MORTGAGES IN DEFAULT [§1322(b) (5) and §1322(e)]** — The trustee will cure defaults on the following claims secured only by a security interest in real property that is the debtor's principal residence. The debtor will pay the payments that come due after the petition was filed directly to the creditors. The creditors will retain their liens. All following entries are estimates. The trustee will pay the actual amount of default.

| *Creditor* | *Amount of Default* | *Monthly Payment* | *Beginning Month #* | *Number of Payments* | *TOTAL PAYMENTS* |
|---|---|---|---|---|---|
| a. U S Bank N. A | $16,139 | 365 | 15 | 45 | $16,139 |

**7. CLAIMS IN DEFAULT [§1322 (b)(3) and (5) and §1322(e)]** — The trustee will cure defaults on the following claims as set forth below. The debtor will pay the payments that come due after the date the petition was filed directly to the creditors. The creditors will retain liens, if any. **All following entries are estimates except for interest rate.**

| *Creditor* | *Amount of Default* | *Interest Rate, if any* | *Monthly Payment* | *Beginning Month #* | *Number of Payments* | *TOTAL PAYMENTS* |
|---|---|---|---|---|---|---|
| a. N/A | | | | | | |
| b. | | | | | | |

**8. OTHER SECURED CLAIMS; SECURED CLAIM AMOUNT IN PLAN CONTROLS [§1325(a)(5)]** - The trustee will pay, on account of the following allowed secured claims, the amount set forth in the "Total Payments" column below. The creditors will retain liens securing the allowed secured claims until the earlier of the payment of ghe underlying debt determined under nonbankruptcy law, or the date of the debtor's discharge. NOTWITHSTANDING A CREDITOR'S PROOF OF CLAIM FILED BEFORE OR AFTER CONFIRMATION, THE AMOUNT LISTED IN THIS PARAGRAPH AS A CREDITOR'S SECURED CLAIM BINDS THE CREDITOR PURSUANT TO 11 U.S.C. §1327, AND CONFIRMATION OF THE PLAN IS A DETERMINATION OF THE CREDITOR'S ALLOWED SECURED CLAIM.

| Creditor | Claim Amount | Secured Claim | Int. Rate | Beginning Month # | Monthly Payment | No. of Payments | Payments on Claim | + | Adeq. Prot Payments | TOTAL PAYMENTS |
|---|---|---|---|---|---|---|---|---|---|---|
| a. Wells Fargo | $4,015 | $4,015 | 4% | 15 | 95 | 32 | 3,040 | | 1,330 | $4,370 |
| b. Chase Auto | $4,742 | $4,742 | 4% | 15 | 95 | 37 | 3,515 | | 1,330 | $4,845 |
| c. | | | | | | | | | | |
| TOTAL | | | | | | | | | | $9,215 |

**9. PRIORITY CLAIMS** - The trustee will pay in full all timely filed claims entitled to priority under §507, including the following. **The amounts listed are estimates.** The trustee will pay the amounts actually allowed.

| Creditor | Estimated Claim | Monthly Payment | Beginning in Month # | Number of Payments | TOTAL PAYMENTS |
|---|---|---|---|---|---|
| a. Attorney Fees | $4,500 | 365 | 1 | 14 | $4,500 |
| b. Domestic Support | | | | | |
| c. Internal Revenue Service | | | | | |
| d. MN Dept. of Revenue | $999 | 190 | 51 | 5 | $ 999 |
| TOTAL | | | | | $ 5,499 |

**10. SEPARATE CLASS OF UNSECURED CREDITORS** — In addition to the class of unsecured creditors specified in ¶ 11, there shall be a separate class of nonpriority, unsecured creditors described as follows:

| Creditor | Estimated Claim | Monthly Payment | Beginning Month No. | No. Of Payments | TOTAL PAYMENT |
|---|---|---|---|---|---|
| a. | | | | | |

**11. TIMELY FILED UNSECURED CREDITORS** - The trustee will pay holders of nonpriority unsecured claims for which proofs of claim were timely filed the balance of all payments received by the trustee and not paid under ¶ 2, 3, 6, 7, 8, 9 and 10 their pro rata share of approximately $ 2,447   (line 1(d) minus lines 2, 6(d), 7(d), 8(d), 9(f), and 10©.

a. The debtor estimates that the total unsecured claims held by creditors listed in ¶ 8 are $ -0-
b. The debtor estimates that the debtor's total unsecured claims (excluding those in ¶8 and ¶10 are $ 9,139
c. Total estimated unsecured claims are $ 9,139  [ (line 11(a) + line 11(b)].

**12 . TARDILY-FILED UNSECURED CREDITORS** - No  money paid by the debtor to the trustee under ¶1, but not distributed by the trustee under ¶2, 3, 6, 7, 8, 9, 10, or 11 will be paid to holders of nonpriority unsecured claims for which proofs of claim were tardily filed.

**13. OTHER PROVISIONS** - The trustee may distribute additional sums not expressly provided for herein at the trustee's discretion. SEE ATTACHED PROVISION TO TREAT THE CLAIM OF MORTGAGE ELECTRONIC REGISTRATION SYSTEMS INC. AS A WHOLLY UNSECURED CLAIM PURSUANT TO 11 USC §506(A).

**14. SUMMARY OF PAYMENTS -**

| | |
|---|---|
| Trustee's Fee [Line 2] | $ 2,700 |
| Home Mortgage Defaults [Line 6(d)] | 16,139 |
| Claims in Default [Line 7(d)] | |
| Other Secured Claims [Line 8(d)] | 9,215 |
| Priority Claims [Line 9(f)] | 5,499 |
| Separate Classes [Line 10(c)] | |
| Unsecured Creditors [Line 11] | 2,447 |
| TOTAL [must equal Line 1(d)] | $ 36,000 |

Ian Traquair Ball, #4285
310 Fourth Avenue So., Suite 5010
Minneapolis, MN 55415
Tele: (612) 338-1313

ATTORNEY FOR DEBTOR

Signed _____
DEBTOR

Signed _____
DEBTOR if joint case

**13. OTHER PROVISIONS: SEPARATE CLASS OF SECURED CREDITORS** — In addition to the class of secured creditors specified in ¶ 6, there shall be a separate class of creditors asserting a security interest in real property that is the debtor's principal residence.  The claims of these creditors upon the debtor's principal residence shall be classified  pursuant to 11 U.S.C. §506(a) and the claims shall be paid by the trustee as an unsecured, nonpriority claim and the unpaid balance discharged upon completion of the plan term.  The debtor will not make payments directly to the creditor after the filing of the Chapter 13 case. **Pursuant to Local Rule 3012-1, the debtor intends to move the court, contemporaneous with confirmation of the proposed Chapter 13 plan,  for its order determining that the claim of any creditor listed below is an unsecured claim in its entirety pursuant to 11 U.S.C. 506(a).  All entries below are estimates.**

| *Creditor* | *Claim Amount* | *Legal Description* |
|---|---|---|
| **a. Mortgage Electronic Registration Systems, Inc.** | **$36,982.93** | **Lot !2, Block 2, Copper Creek Wright County, MN** |

CERTIFICATE OF SERVICE

I hereby certify that on April 18, 2016, I caused the following documents:

1. *Notice of Preconfirmation Modified Chapter 13 Plan dated April 15, 2016; and*
2. *Notice of Rescheduled Hearing on Motion to Determine Value of Claim of Mortgage Electronic Registration Systems, Inc.*

to be filed electronically with the Clerk of Bankruptcy Court through ECF and state that ECF will send by e-mail notice of the electronic filing of the foregoing documents pursuant to Bankruptcy Rule 7004l(b)(6) to the following persons:

Kyle Carlson, Trustee: info@carlsonch13mn.com
U. S. Trustee: ustpregion12.mn.ecf@usdoj.gov
Paul A. Weingarden: paul@uwllaw.com

On the same date I mailed a copy of the foregoing documents by certified U. S. mail, postage prepaid, at Minneapolis, Minnesota to the following entities or individuals:

Bill Beckman, President and CEO
Mortgage Electronic Registration Systems, Inc.
1818 Library Street, Suite 300
Reston, VA 20190

Sharon Horstkamp
MERSCORP Holdings, Inc.
Vice President, General Counsel & Corporate Secretary
Mortgage Electronic Registration Systems, Inc.
1818 Library Street, Suite 300
Reston, VA 20190

Richard K. Davis, CEO
U S Bancorp Center
800 Nicollet Mall
Minneapolis, MN 55402

The name and business address of Bill Beckman, CEO of  was obtained from the official web site of Mortgage Electronic Registration Systems, Inc., and confirmed by calling the telephone number for customer contact and confirming with a customer service representative the identity and mailing address of the present President and CEO of the bank.

The name and business address of Sharon Horstkamp, Vice President, General Counsel & Corporate Secretary was obtained from the official web site of Mortgage Electronic Registration Systems, Inc., and confirmed with a customer service representative that she is the registered agent for Mortgage Electronic Registration Systems, Inc. and is authorized to accept service of process.

The name and business address of Richard Davis, CEO, was obtained from the official web site of U S Bancorp and confirming his present position as CEO of U S Bancorp.

I also certify that on the same date I caused a copy of the foregoing documents to be served by U. S. mail first class, postage prepaid at Minneapolis, Minnesota on the following entities:

See attached list

  /e/ *Ian Traquair Ball*

Paul A. Weingarden Atty
4500 Park Glen Road
#300
St. Louis Park, MN 55416-4891


| | | |
|---|---|---|
| Capital One Bank<br>PO Box 6492<br>Carol Stream IL 60197-6492 | Capital One Bank (USA), N.A.<br>PO Box 71083<br>Charlotte, NC  28272-1083 | Capital One NA<br>c/o Becket and Lee LLP<br>POB 3001<br>Malvern PA 19355-0701 |
| Centrasota Oral &<br>Maxillofacia Surgeons<br>3950 Veterans Dr, Ste 100<br>Saint Cloud MN 56303-3424 | Chase Auto Finance<br>PO Box 78101<br>Phoenix AZ 85062-8101 | Credit One<br>PO Box 98873<br>Las Vegas NV 89193-8873 |
| JPMorgan Chase Bank, N.A.<br>P.O. Box 29505 AZ1-1191<br>Phoenix, AZ 85038-9505 | Kohls<br>PO Box 2983<br>Milwaukee WI 53201-2983 | LVNV Funding, LLC its successors and assigns<br>assignee of FNBM, LLC<br>Resurgent Capital Services<br>PO Box 10587<br>Greenville, SC 29603-0587 |
| MIDLAND CREDIT MANAGEMENT, INC. AS AGENT FOR<br>MIDLAND FUNDING LLC<br>PO BOX 2011<br>WARREN, MI 48090-2011 | Nationstar Mortgage<br>PO Box 650783<br>Dallas TX 75265-0783 | PORTFOLIO RECOVERY ASSOCIATES LLC PO<br>BOX 41067<br>NORFOLK VA 23541-1067 |
| Sam's Club<br>PO Box 530942<br>Atlanta GA 30353-0942 | Santander Bank<br>PO Box 12646<br>Reading PA 19612-2646 | Synchrony Bank<br>c/o Recovery Management Systems Corp.<br>25 S.E. 2nd Avenue, Suite 1120<br>Miami, FL 33131-1605 |
| U.S. Bank National Association<br>C/O Weinstein & Riley, P.S.<br>2001 Western Avenue, Ste. 400<br>Seattle, WA 98121-3132 | (p)US BANK<br>PO BOX 5229<br>CINCINNATI OH 45201-5229 | |
| Wells Fargo Bank<br>PO Box 25341<br>Santa Ana CA 92799-5341 | Wells Fargo Bank, N.A.<br>P.O. Box 19657<br>Irvine, CA 92623-9657 | DAVID & SUSAN HAGEN<br>2016 COPPER COURT<br>BUFFALO, MN 55313-2347 |

```
Portfolio Recovery Associates, LLC     US Bank
c/o US Bank                            PO Box 790408
POB 12914                              Saint Louis MO 63179
Norfolk, VA 23541
```

End of Label Matrix
Mailable recipients   26
Bypassed recipients    0
Total                 26